FRANK J. SVOBODA, APPELLANT, V. FIRST NATIONAL BANK OF O'NEILL, APPELLEE.

432 N.W.2d 806

Filed December 16, 1988.   No. 87-264.

Vince Kirby for appellant.

Michael G. Helms, of Schmid, Mooney & Frederick, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an action seeking the imposition of a constructive trust on 480 acres of real estate situated in Rock County. The plaintiff, Frank J. Svoboda, is appealing from the judgment of the district court which sustained the motion of the defendant, First National Bank of O'Neill, for summary judgment.

In an appellate review of a summary judgment, this court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Bedrosky v. Hiner, ante* p. 200, 430 N.W.2d 535 (1988). Summary judgment is properly granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or as to the ultimate inferences deducible from such facts and that the moving party is entitled to judgment as a matter of law. *Bedrosky v. Hiner, supra.*

In the district court, the only evidence admitted in the summary judgment proceeding was the affidavit of Svoboda, with copies of both a December 23, 1983, decree of foreclosure and a contract Svoboda alleges he and Donald Kaup entered into.

In his affidavit, Svoboda alleges that he entered into a contract to purchase some land located in Rock County from Kaup. Appellant Svoboda defaulted on the contract, and Kaup brought a foreclosure action against the appellant. In the U.S. District Court a decree of foreclosure was entered on December 23, 1983.

Svoboda further alleges that on December 7, 1984, he and Kaup entered into a written agreement. This agreement provided for the purchase of the foreclosure decree by the appellant for $200,000. Svoboda was at that time represented by William Griffin, who had represented him throughout the foreclosure proceedings. Prior to March 13, 1985, it is alleged

that Griffin, who was representing the appellant, was retained by First National Bank of O'Neill, the appellee in this action, in an attempt to purchase the appellant's rights by virtue of the December 7 contract he had with Kaup. Svoboda later found out that the appellee bank succeeded in purchasing all of the appellant's rights in the contract he had with Kaup regarding the decree of foreclosure.

Additionally, Svoboda alleges that a fiduciary relationship existed between him and Griffin and that Griffin breached a fiduciary duty to the appellant by representing the appellee bank. The appellant states that the appellee bank was not a bona fide purchaser for value because the knowledge of their attorney, Griffin, as to Svoboda's interest in the property, is imputed to his client, the appellee in this case. Because of the knowledge of the preexisting relationship with Svoboda, the acquisition of the property was accomplished with at least constructive knowledge of the breach of fiduciary duty, and, therefore, a constructive trust should be imposed upon the real estate to the benefit of the appellant.

In support of its motion for summary judgment, the appellee attempted to introduce a certified copy of the federal foreclosure proceedings between the appellant and the seller, Kaup, alleging that this present action by Svoboda is barred by the doctrine of res judicata, as the same facts constituting Svoboda's cause of action in this case were raised as a defense to the confirmation of the foreclosure in federal district court. The copies of these proceedings were properly excluded by the district court for noncompliance with Neb. Rev. Stat. § 25-1332 (Reissue 1985). Although copies of these proceedings were properly excluded, the district court nonetheless granted the appellee's motion for summary judgment, finding that this action was merely a collateral attack of the federal foreclosure proceedings and the issues presented were therefore res judicata.

We disagree with the conclusion of the district court that this action is barred by the doctrine of res judicata. The only evidence admitted by the district court in the summary judgment proceeding was the affidavit of Svoboda regarding the breach of fiduciary duty allegedly committed by his

attorney, with copies of both the December 23, 1983, decree of foreclosure and the contract Svoboda alleges he and Kaup entered into.

Reviewing this affidavit and the accompanying papers in the light most favorable to the nonmoving party, Svoboda, it cannot be said that the bank is entitled to judgment as a matter of law. If Svoboda's allegations are true, and in a motion for summary judgment we must assume they are, material issues remain requiring resolution. Because the prior federal proceedings were properly excluded, there is no evidence on the record in support of the appellee's contention that Svoboda's claims are barred by the doctrine of res judicata. Viewing only the record before this court, we do not know what was argued in the prior federal proceedings. Therefore, the motion for summary judgment was improperly granted, and this action must be reversed and remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.